UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 91-0473 |
| THOMAS KENNEDY | SECTION "F" |

ORDER

Before the Court is the defendant's motion for reconsideration, requesting that the Court reconsider its August 15, 2012 ruling, regarding his motion to file "interrogatory questions." The Court denied the defendant's motion because it asked the Court to give legal advice related to sentencing provisions and substantive federal criminal law. The defendant does not convince the Court that its prior ruling should be disturbed.

For a section 2255 proceeding, Rule 6 provides that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." The request for discovery must involve a factual dispute, which if resolved in the petitioner's favor, would entitle him to relief. See United States v. Webster, 392 F.3d 787, 802 (5th Cir. 2004) ("Conclusional allegations are insufficient to warrant discovery; the petition must set forth specific allegations of fact."); Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)(same). The defendant's interrogatories pose questions relating to

substantive federal criminal law and not issues of fact. Moreover, the questions ask whether the Court could reach certain conclusions, and the Court has no authority to issue such advisory opinions.[1]  Accordingly, IT IS ORDERED: that the motion for reconsideration is DENIED.

New Orleans, Louisiana, September 21st, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] The defendant also requests that the Court take judicial notice of the very issue the interrogatories are designed to answer.  Judicial notice is only appropriate where a fact is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  FED. R. EVID. 201.  Merely stating that something is an "undisputed fact" does not render it so.  Judicial notice is inappropriate here.